```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


WESLEY A. MATHENY                           CIVIL ACTION

VERSUS                                      NO: 07-1556

TETRA TECHNOLOGIES, INC.                    SECTION: J(3)
```

**ORDER**

Before the Court is **Defendants' Motion to Exclude Certain Testimony to Be Offered by Plaintiff (Rec. Doc. 28),** set for hearing on May 28, 2008 on the briefs, and Defendants' **Motion for Summary Judgment (Rec. Doc. 32)**, set for hearing on June 11, 2008 on the briefs. Both motions are opposed.

As to Defendants' motion to exclude, the purpose of Daubert is "to ensure that only reliable and relevant expert testimony is presented to the jury." Rushing v. Kansas City Southern Ry. Co., 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), citing Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579, 590-93 (1993). Thus, "[m]ost of the safeguards provided for in Daubert are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000). "Daubert requires a binary choice--admit or exclude--and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more

weight than it deserves." SmithKline Beecham Corp. V. Apotex Corp., 247, F. Supp. 2d 1011, 1042 (N.D. Ill. 2003).

Given that this case is set for bench trial, and thus that the objectives of Daubert, upon which Defendants' motion is premised, are no longer implicated, the Court finds that the motion to exclude certain expert testimony should be denied at this time. Furthermore, according to this Court's Scheduling Order entered December 21, 2007, all pre-trial motions had to have been heard not later than May 1, 2008. No extensions of this deadline have been granted. Therefore, as Defendants' motion to exclude is set for hearing on May 28, 2008, it is untimely, and could be denied on this ground alone.

As to Defendants' motion for summary judgment, this Court finds that factual issues remain, including whether Plaintiff was given a new assignment to Rig 28 which affects the determination of his status as a seaman. As such, summary judgment is precluded. Additionally, as was the case with Defendants' motion to exclude, the motion for summary judgment is also untimely as it is set for hearing on June 11, 2008, a mere five days before trial. Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Exclude Certain Testimony to Be Offered by Plaintiff (Rec. Doc. 28)** is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' **Motion for Summary Judgment (Rec. Doc. 32)** is hereby **DENIED.**

New Orleans, Louisiana this 22nd day of May, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE